# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JOSHUA CURTIS,

:

    Petitioner,                           Case No. 1:11-cv-751

:                                     Chief Judge Susan J. Dlott
    -vs-                                     Magistrate Judge Michael R. Merz

TIM BRUNSMAN, Warden, Lebanon
 Correctional Institution,

:

    Respondent.

# REPORT AND RECOMMENDATIONS

Petitioner Joshua Curtis brought this habeas corpus action under 28 U.S.C. § 2254 to obtain relief from the seven-year sentence of incarceration he is serving in Respondent's custody. He pleads one ground for relief:

> **GROUND ONE**: Petitioner was denied due process as guaranteed by the Fourteenth Amendment of the United States Constitution when it imposed a harsher sentenced at an allied offense resentencing without objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing.
>
> **Supporting Facts:**
>
> 1) The trial court received no new information regarding Mr. Curtis' past conduct that would have supported an increase in sentence.
> 2) The trial court stated it had reviewed the pre-sentence investigation report that had been prepared at the time of the original sentence.
> 3) The prosecutor requested a harsher sentence, at the resentencing, but presented no new evidence.

1

> 4) There was no information presented of prison rule infractions since the original sentencing.
> 5) Petitioner stated that he had enrolled in college and completed his first semester with a 4.0 grade point average in his first four classes.
> 6) The trial court acknowledged the Petitioner's superb prison conduct by stating it was appreciative of Mr. Curtis' efforts while he has been up to try to improve his situation.

(Petition, Doc. No. 5.)

## Procedural History

Mr. Curtis was indicted by the Brown County Grand Jury on one count of robbery and one count of theft (Indictment, Return of Writ, Doc. No. 10, Ex. 1, PageID 66-69). He was convicted by a jury on both counts and sentenced to five years imprisonment on the robbery and six months in jail on the theft, which was a first-degree misdemeanor (Judgment, Return of Writ, Doc. No. 10, Ex. 7PageID 83-84). He appealed to the Twelfth District Court of Appeals raising five assignments of error, including a claim that the two counts of conviction were allied offenses of similar import under Ohio Revised Code § 2941.25. The court of appeals sustained that assignment and remanded the case for resentencing after merger of the two counts. *State v. Curtis*, 2009 Ohio 6740, 2009 Ohio App. LEXIS 5643 (Dec. 21, 2009).

On remand, once the theft count was merged with it, Mr. Curtis was sentenced to a seven-year term of imprisonment on the robbery count (Judgment, Ex. 13 to Return of Writ, Doc. No. 10). Curtis appealed raising as his sole assignment of error the claim he makes here. The court of appeals overruled that assignment and affirmed the conviction and sentence. *State v.*

*Curtis*, Case No. CA2010-02-002 (Ohio App. 12th Dist. Sept. 27, 2010)(unreported, copy at Judgment Entry, Return of Writ, Ex. 17, PageID 227-229). That court's holding is as follows:

> {¶ 2} Appellant's sole assignment of error is overruled, as he failed to demonstrate that the trial court's decision sentencing him to seven years in prison on the robbery conviction, rather than the five-year term imposed at the original sentencing hearing, constituted vindictive sentencing.[2]
>
> > [2] Appellant concedes in his brief that no "presumption of vindictiveness" exists in the case pursuant to *North Carolina v. Pearce* (1969), 395 U.S. 711, 89 S.Ct. 2072, because the judge that resentenced appellant did not impose the original sentence. *See Texas v. McCullough* (1986), 475 U.S. 134, 140, 106 S.Ct. 976; *State v. Kortum*, Warren App. No. CA2001-04-034, 2002-Ohio-613.
>
> {¶ 3} Upon review of the record, we conclude that the trial court's sentencing decision was supported by objective, non-vindictive reasons. *See McCullough*, 475 U.S. at 138; State v. Johnson, Montgomery App. No. 23297, 2010-Ohio-2010 at ¶ 22. At the hearing, the trial court went out of its way to assure appellant that animosity played no part in its decision. *Johnson* at ¶ 31. The court told appellant that his right to appeal was "something that we all protect very closely," and that his successful appeal would not be taken into account in the court's sentencing decision.
>
> {¶ 4} In addition, the court stated that it had reviewed the presentence investigation report prepared in connection with the original sentencing hearing, and noted that appellant had multiple convictions, many of which were for violent offenses. The court also determined that the likelihood of recidivisim was high given that appellant had not responded favorably to previous sanctions. Although the court reached a different conclusion than that of the previous trial court judge with respect to the length of the sentence, there is nothing in the record to indicate that the court harbored any animus against appellant such that the sentence was the product of actual vindictiveness. *See State v. Fernbach*, Warren App. Nos. CA2006-11-130, CA2006-11-131, 2008-Ohio-5670, ¶ 26, citing *Alabama v. Smith* (1989), 490 U.S. 794, 109 S.Ct. 2201*; Wasman v. United States* (1984), 468 U.S. 559, 569, 104 S.Ct. 3217.

*Id*. Mr. Curtis appealed to the Ohio Supreme Court, but that Court declined jurisdiction (Entry, Return of Writ, Doc. No. 10, Ex. 23). Mr. Curits then filed his Petition in this Court on October 25, 2011 (Doc. No. 1). As ordered by Magistrate Judge Litkovitz, the Warden has filed a Return of Writ (Doc. No. 10). Although afforded an opportunity to file a reply (Order, Doc. No. 4, PageID 21), Petitioner has not done so. The case is therefore ripe for decision.

## Analysis

Respondent raises no affirmative defenses and concedes that the Petition was timely filed, fully exhausted, and not barred by any procedural default. Instead, Respondent defends on the merits.

The Twelfth Appellate District Court of Appeals squarely decided Petitioner's claim that his sentence on remand was vindictively enhanced and decided that claim against him. When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

Petitioner has offered no reason why this Court should find the state court decision was an objectively unreasonable application of United States Supreme Court precedent. He conceded in state court that there was no presumption of vindictiveness because he had been resentenced by a

4

different judge from the one who imposed the first sentence. On Petitioner's first appeal, the court of appeals recited the relevant facts of the offense:

> On June 9, 2006, James Taylor, a Goshen Township police officer, and two of his co-workers traveled to Snapper's Saloon in Ripley, Ohio, where they had dinner and drinks. At some point in the evening, Taylor became intoxicated and went outside to lie down in the bed of his friend's truck. That night, or during the early hours of June 10, 2006, Taylor awoke to a man in front of him, hitting him on the head. At trial, Taylor testified that when he started to get up and out of the truck, the man said, "Give me your wallet, or I'll beat your ass some - some more." Taylor remembered nothing else about the attack until he woke up at his friend's house without his wallet.

*State v. Curtis*, 2009 Ohio App. LEXIS 5643 (Ohio App. 12th Dist. Dec. 21, 2009). This was, then, a case of actual use of force during the robbery, rather than a mere threatened use of force. In fact, Curtis began beating the victim without giving him a chance to hand over his wallet to avoid a beating. Certainly the offense was not the least culpable form of the offense of robbery.

While the trial judge did not find any new reprehensible conduct which had occurred after the first sentencing, he did advert to a number of other reasons for imposing the sentence he chose. He noted that Mr. Curtis had multiple prior convictions for violent offenses and for felonies. He had not responded well to prior sanctions, including an occasion when he was on community control, the Ohio analogue to probation, and violated his conditions. There were numerous alcohol-related offenses, which also pointed toward likely recidivism.

Mr. Curtis' framing of his Ground for Relief suggests his understanding that a heavier sentence cannot be imposed on remand after a successful appeal unless there has been new bad conduct, but that is not the law. The two Common Pleas judges involved, independently of one another, weighed the facts of the offense and the characteristics of Mr. Curtis as an offender. The

fact that the second judge arrived at a somewhat higher sentence does not prove that he acted vindictively.

**Conclusion**

The conclusion of the Court of Appeals that Petitioner failed to prove vindictiveness is neither contrary to nor an objectively unreasonable application of clearly established Supreme Court precedent. It is therefore respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and this Court should certify to the Court of Appeals that an appeal would not be taken in objective good faith.

July 17, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).